IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                                                      PLAINTIFF

Vs.                                      NO. 4:05cr00104-01 JMM

DERRICK LOVELL PARKER                                                          DEFENDANT

## ORDER

Defendant has filed a motion to reopen his detention hearing (**docket entry #55**) and the United States has responded (docket entry #56 ). The motion has been referred for resolution (docket entry #57). For the reasons set forth below, the motion is **denied**.

Defendant's motion states that he has now pled guilty to two counts of the indictment and that he has been incarcerated throughout the pendency of the case. There is no other specific allegation of changed circumstances or of exceptional reasons why continued detention would not be appropriate.

Defendant has pled guilty to the charge of possession with intent to distribute cocaine hydrochloride, 21 U.S.C. § 841(a)(1) and to possession of a firearm during a drug trafficking crime, 18 U.S.C. § 924(c). The plea has been accepted and Defendant has thus been adjudicated guilty.

Because Defendant has been adjudged guilty of a violation of the Controlled Substances Act involving a maximum term of imprisonment of ten years or more and found guilty of a crime of violence,[1] the provisions of 18 U.S.C. § 3143(a)(2) apply. That section

---

[1] A crime of violence is defined in 18 U.S.C. § 3156 as including "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156(a)(4)(B). Possession of a firearm during commission of a drug crime certainly involves such a substantial risk.

mandates detention. Neither of the two listed exceptions apply to this case. While 18 U.S.C. § 3145(c) may authorize release if there are "exceptional reasons" why detention would not be appropriate, no such reasons have been advanced here. Further, the Eighth Circuit has made it clear that this exception is only for the very rare case. *United States v. Brown*, 368 F.3d 992 (8th Cir. 2004) (desire that the defendant remain in treatment for depression and possibility he would be subjected to violence if held locally not "exceptional"); *United States v. Mostrom*, 11 F.3d 93 (8th Cir. 1993) (inadequacies in transportation by the Marshal, compliance of the defendant with all conditions of release and gainful employment up to sentencing not "exceptional reasons").

IT IS SO ORDERED this 21st day of April, 2006.

_____
UNITED STATES MAGISTRATE JUDGE